IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER HARRISON,

Plaintiff,

v.

SYNTHES USA SALES, LLC,

Defendant.

2:12-cv-02704-GEB-AC

ORDER DISMISSING ACTION

Defendant Synthes USA Sales, LLC, ("Synthes") moves for dismissal of Plaintiff Peter Harrison's First Amended Complaint ("FAC"), or alternatively for an order staying this action. The motion concerns two separate employment agreements containing non-competition provisions, which are attached to the FAC and are the bases of the claims in the FAC: one agreement was executed in 2005 when Harrison accepted an Associate Sales Consultant position with Synthes ("2005 Agreement"), and the other agreement was executed in 2007 when Harrison was promoted to Sales Consultant ("2007 Agreement").

Harrison seeks a declaration under the federal Declaratory Judgment Act that would declare each agreement's non-competition and

customer non-solicitation provisions unlawful restraints of trade under California, and he also prays for restitution and attorneys fees.

Harrison is a medical-device sales representative who worked for Synthes before resigning and accepting a position with Globus Medical, Inc. ("Globus"). Globus competes with Synthes in the medical-device industry. (FAC ¶ 6.) Harrison filed a complaint in this federal action on the same day he resigned. The declaratory relief Harrison sought in that complaint only concerned the 2005 Agreement.

Thirteen days after Harrison filed his federal complaint in which he only challenged the legality of the non-competition and customer non-solicitation provisions in the 2005 Agreement, Synthes sued Harrison and Globus in Pennsylvania state court, alleging that Harrison breached non-solicitation and non-competition provisions in the 2007 Agreement, and that Globus tortiously interfered with the Synthes–Harrison contract by inducing Harrison to breach his 2007 non-solicitation agreement and also by causing Synthes' customers to become Globus customers.[1]

Subsequently, Harrison amended his federal complaint by adding claims challenging the non-competition and customer non-solicitation provisions in the 2007 Agreement. The challenged provisions in the 2005 and 2007 agreements are virtually identical.

After Harrison amended his federal complaint, Synthes sought a preliminary injunction in the Pennsylvania state court case, and

---

[1] Synthes requests the Court take judicial notice of the "lawsuit against Harrison and Globus in the Pennsylvania Court of Common Pleas for Chester County, captioned Synthes USA Sales, LLC v. Peter Harrison and Globus Medical, Inc., No. 12-12021," and attaches a copy the Complaint in that matter to its request. (Req. Judicial Notice ¶ 4, ECF No. 40.) Harrison also attaches a copy of this state court complaint to his opposition. This judicial notice request is granted.

Harrison and Globus requested a stay of the state court case in light of the pendency of this federal action. The Pennsylvania state court denied Harrison and Globus's request for a stay, and entered a preliminary injunction enjoining Harrison from "us[ing] or disclos[ing] Synthes' proprietary, confidential and trade secret information," and "from soliciting his former customers." (Supp. Decl. Leigh Ann Budziak, Ex. A, ¶¶ 1, 3, ECF No. 64-1; Decl. Jess R. Booth ¶ 6, ECF No. 69.) One week later, the Pennsylvania court amended the injunction to remove the restriction precluding Harrison from soliciting former customers in order to "more fully comport[] with California law." (Decl. Booth, Ex. B, at 2 n.1, ECF No. 69-2.)

**I. DISCUSSION**

Synthes argues the federal court should decline to exercise declaratory relief jurisdiction over Harrison's federal lawsuit in deference to the ongoing parallel proceedings in Pennsylvania state court.

The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party" seeking a declaration. 28 U.S.C. § 2201(a). "Based on the permissive nature of the Declaratory Judgment Act, in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), the Supreme Court held that a district court has discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in a pending state court proceeding.'" R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (alteration in original) (quoting Brillhart, 316 U.S. at 495). "The Court reaffirmed this principle in Wilton, holding that a district court may decline to entertain a federal declaratory judgment action when state court proceedings 'present [ ]

opportunity for ventilation of the same state law issues.'" Id. (alteration in original) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995)).

"In Brillhart, the Court articulated three factors that courts should consider when examining the propriety of entertaining a declaratory judgment action: avoiding 'needless determination of state law issues'; discouraging 'forum shopping'; and avoiding 'duplicative litigation.'" Id. (citing Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1224 (9th Cir. 1998) (en banc)). "Although courts may also consider a number of other factors, the three 'Brillhart factors remain the philosophic touchstone' for the Wilton/Brillhart analysis . . . ." Id.

The parties argue different positions on the Wilton/Brillhart factors. Review of the operative complaints in the respective federal and state lawsuits reveals that retaining jurisdiction would require decision on purely state law issues that are essentially the same as those pending in the Pennsylvania lawsuit. Therefore, this action would require the Court to make a "needless determination of state law issues." R.R. St. & Co., 656 F.3d at 975.

Each party argues that the other engaged in forum shopping, based on the timing of when each lawsuit was filed. The Ninth Circuit has stated: "Timing is only one consideration when deciding whether to entertain a declaratory judgment action, and the Wilton/Brillhart factors sometimes compel a court to decline to entertain an earlier-filed action in favor of a later-filed action." R.R. Street & Co., 656 F.3d at 976 (citing Wilton, 515 U.S. at 280-82 (affirming dismissal of a federal action in light of a later-filed state action)). Further, "Wilton teaches" that "the same federalism concerns [that counsel] against the use of the Declaratory Judgment Act as a forum

shopping device . . . are . . . present when a federal plaintiff seeks declaratory relief in anticipation that a related state court proceeding may be filed." Budget Rent-A-Car v. Crawford, 108 F.3d 1075, 1081 (9th Cir. 1997) (emphasis added), overruled on other grounds by Dizol, 133 F.3d 1220.

The Pennsylvania state court lawsuit concerns the 2007 Agreement in which there is a forum-selection clause evincing the parties' agreed to litigate disputes concerning the 2007 Agreement "in the Commonwealth of Pennsylvania." (FAC Ex. B, at 5, ¶ 2.) Further, Harrison states he "filed this [federal] lawsuit the day he resigned his employment with [Synthes] for fear that [Synthes] would seek to haul him into court in Pennsylvania . . . [to] enforce restrictive covenants against him which plainly violate California law." (Opp'n 1:7–11 (emphasis added).) This statement smacks of forum shopping in light of the forum-selection clause in the 2007 Agreement.

Further, in light of the similarity of the issues involved in the two lawsuits, the federal court must heed what the Supreme Court instructed in Brillhart about such cases: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart, 316 U.S. at 495.

The Supreme Court has also stated: "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the

federal declaratory action to proceed." Wilton, 515 U.S. at 283 (alteration in original) (citation omitted) (quoting Brillhart, 316 U.S. at 495). Further, if resolution of Plaintiff's claims for restitution under the 2005 and 2007 Agreements are "inextricably intertwined with, and dependent upon a declaration" regarding provisions in the agreements which are the subject of a pending state court proceeding, then jurisdiction should be declined. Std. Fire Ins. Co. v. Olsen, No. CV 10-00056 JF(PVT), 2010 WL 1689444, at *4 (N.D. Cal. Apr. 26, 2010).

Here, Harrison makes identical claims under both the 2005 and 2007 Agreements: "Harrison contends that the non-competition and customer non-solicitation provisions found in the 2005 and 2007 Agreements are governed by California law, and serve to restrain trade . . . in violation of California Business & Professions Code Section 16600," and "that the purported non-competition and customer non-solicitation provisions are void and unenforceable." (FAC ¶ 49.) Further, Harrison requests identical relief under both Agreements: Harrison seeks a "judicial declaration and judgment from the Court that the use and threatened enforcement of the 2005 and 2007 Agreements' non-competition and customer non-solicitation provisions violate . . . California Business & Professions Code Sections 17200 et seq.," and prays for "[r]estitution in an amount proven at trial." (FAC 11:22–12:4.) Accordingly, Harrison's claims seeking restitutionary monetary relief under both agreements are "inextricably intertwined with, and dependent upon a declaration" regarding the enforceability various provisions in the 2007 Agreement, which is the subject of the pending state court proceedings. Olsen, 2010 WL 1689444, at *4 (alteration omitted) (quoting N. Pac. Seafoods, Inc. v. Nat'l Union Fire Ins. Co. of Pitt., No. C06-795-RSM, 2008 WL 53180, at *4 (W.D. Wash.

Jan. 3, 2008)). Thus, Harrison's argument that the federal court must maintain jurisdiction because he seeks restitutionary monetary relief is unavailing, since the "essence" of his case is not a "suit for damages," R.R. St. & Co., 656 F.3d at 977, but is instead "primarily declaratory in nature," and the Pennsylvania state court is the proper forum for ventilation of these state law issues. United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1112 (9th Cir. 2001).

In light of duplicative litigation, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment . . . ." Wilton, 515 U.S. at 288. Here, dismissal is warranted because the Pennsylvania proceedings may afford more complete relief since Globus (Harrison's new employer) is also a party there, but not in this action. (Req. Judicial Notice, Ex. B, at 4, ECF No. 37-2.) Further, the fact that the state court has issued an injunction favors dismissal, since retaining federal jurisdiction and issuing a stay could "improperly encroach on state jurisdiction" that the Pennsylvania state court has already exercised. Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331. (11th Cir. 2005) (listing among the pertinent factors "whether the use of a declaratory action would increase the friction between our federal and state courts" and affirming district court's dismissal because the "district court gave appropriate consideration to . . . the traditional concepts of federalism, efficiency, and comity."). Finally, a lingering stay in California federal court pending resolution of the Pennsylvania proceedings is inappropriate in light of the 2007 Agreement's forum-selection clause.

//

//

**II. CONCLUSION**

For the stated reasons, the Court declines to exercise jurisdiction over this action. Therefore, this action is dismissed and shall be closed.

Dated: March 12, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge